# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BANK OF COMMERCE,

Plaintiff,

v.   Case No.: ELH-13-2349

BSJ PARTNERS, LLC, *et al.*,

Defendants

## REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses the Amended Complaint for Confessed Judgment that Plaintiff, Bank of Commerce ("Commerce") filed against Defendants BSJ Partners, LLC ("BSJ"), Clearview Restaurant, LLC ("Clearview Restaurant"), Clearview Golf and Country Club, LLC ("Clearview Golf and Country Club"), Jon Scott Shilling, Heather R. Shilling, and Jeffrey Todd Shilling (collectively "the Shillings"), Bruce Steinmiller, and Linda Steinmiller (collectively, "the Steinmillers") (all collectively, "Defendants"), ECF No. 21.[1] On August 16, 2013, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me to review Plaintiff's Complaint for Confessed Judgment and to issue a Report and Recommendations. ECF No. 7. For the reasons stated herein, I recommend that the Clerk of the Court enter the confessed judgment.

Local Rule 108.1.a requires that a plaintiff seeking entry of a confessed judgment file a

---

[1] The Amended Complaint also named William H. Jones, Nancy E. Jones, Paul L. Shiley, and Deborah A. Shiley as defendants. Commerce filed a Notice of Partial Dismissal Without Prejudice with respect to Mr. and Mrs. Jones. *See* ECF No. 22. Commerce also requested this Court to reserve confessing judgment against Mr. and Mrs. Shiley until Commerce has had an opportunity to conduct discovery with respect to the Shileys' Answers alleging that they never signed the loan guaranties. Commerce also asserts breach of contract claims against BSJ, Clearview Restaurant, and Clearview Golf and Country Club for property tax advances in Counts XXI-XXIII of the Amended Complaint. This Report and Recommendations does not address those claims, which remain pending.

complaint, accompanied by:

    1. the written instrument that

        (a) authorizes the confessed judgment; and

        (b) entitles the plaintiff to a claim for liquidated damages;

    2. an affidavit of the plaintiff or someone on behalf of the plaintiff, stating:

        (a) the circumstances under which the defendant executed the written instrument;

        (b) the age and education of the defendant, if known;

        (c) the amount due under the written instrument; and

        (d) the defendant's post office address (including the street address if needed to effect mail delivery).

The Court may direct the entry of judgment upon a finding that the documents attached to the Complaint prima facie establish:

    1. the defendant's voluntary, knowing, and intelligent waiver of:

        (a) the right to notice; and

        (b) a prejudgment hearing on the merits of the plaintiff's liquidated damages claim; and

    2. the plaintiff's meritorious claim for liquidated damages against the defendant.

Loc. R. 108.1.b.

## I. WRITTEN INSTRUMENTS AUTHORIZING THE CONFESSION OF JUDGMENT AND SUPPORTING AFFIDAVIT

Plaintiff attached to its Complaint and Amended Complaint several documents constituting "written instrument[s] authorizing the confessed judgment and entitling Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1.a. Plaintiff also attached the Affidavit of its

President, Alex O'Brien. O'Brien Aff., ECF No. 21-1. The Affidavit states the amounts due under the written instruments. Specifically, the Affidavit states that, as of August 6, 2013, $2,906,842.82, including principal, interest, and late charges, is due under the First Loan Note and the First Loan Note Guaranty Agreements. O'Brien Aff. ¶ 11, ECF No. 1-24 Ex. V-3. Attorneys' fees and collection expenses relative to the Loan Documents total $55,203.36. O'Brien Aff. ¶ 15. The Affidavit also states that, as of August 6, 2013, $160,899.16, including principal and interest, is due under the Second Loan Note and Second Loan Note Guaranty Agreements. O'Brien Aff. ¶ 13. Attorneys' fees relative to the Second Loan Note total $24,134.87. Am. Compl. ¶ 87 The Affidavit describes how the amounts due under each note were calculated, and provides a *per diem* figure to calculate interest accrued after August 6, 2013. O'Brien Aff. ¶¶ 19-21. Additionally, the Affidavit provides mailing addresses for all defendants. O'Brien Aff. ¶ 23. I find that the Amended Complaint and its accompanying documents substantively meet the requirements of Local Rule 108.1.a. A discussion of the Affidavit, and of the written instruments authorizing a confession of judgment against each Defendant, follows.

### A. BSJ

With respect to BSJ, Plaintiff attached a Promissory Note dated November 17, 2006, and a First Amendment to Promissory Note dated May 4, 2011 (collectively "First Loan Note"). ECF No. 1-2. Plaintiff also attached documents establishing another loan to BSJ made by a Promissory Note dated August 25, 2008, and a First Amendment to Promissory Note dated May 4, 2011 (collectively "Second Loan Note"). ECF 1-7.

The Affidavit states that Robert E. Jones, III executed the First Loan Note on behalf of BSJ, pursuant to authority granted by a Resolution of the Members of BSJ, dated November 10,

2006.  O'Brien Aff. ¶ 5; ECF No. 21-2 Ex. V-1.  Jon Scott Shilling, a member of BSJ, and Robert E. Jones, III executed the Second Loan Note on behalf of BSJ, pursuant to authority granted by a Limited Liability Company Resolution to Borrow/Grant Collateral dated August 25, 2008.  O'Brien Aff. ¶ 7; ECF No. 21-3 Ex. V-2.

Both notes contain confessed judgment provisions.  The First Loan Note authorizes any attorney to "appear in any court of record in the State of Maryland or in the United States, after demand of this Note, and waive the issuing of service of process and confess a judgment against the Maker in favor of the Holder, for the amount then appearing due hereunder, together with costs of suit, interest and 15% attorney's fees and thereupon release all errors and waive all right of appeal."  ECF No. 1-2.  The Second Loan Note provides that, upon default, any attorney designated by the lender can appear for the borrower in court and "CONFESS JUDGMENT WITHOUT PRIOR HEARING AGAINST BORROWER IN FAVOR OF LENDER FOR, AND IN THE AMOUNT OF, THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT…ALL INTEREST ACCRUED…ALL OTHER AMOUNTS PAYABLE BY BORROWER…COSTS OF SUIT, AND ATTORNEYS' FEES OF FIFTEEN PERCENT (15%) OF THE UNPAID BALANCE…" ECF No. 1-7.

Commerce acquired the First and Second Loan Notes from the Federal Deposit Insurance Corporation, thus it does not have direct knowledge of the circumstances under which BSJ entered into the Notes.  O'Brien Aff. ¶ 25.  However, evidence suggests that BSJ voluntarily, knowingly, and intelligently entered into the First and Second Loan Notes.  Robert E. Jones, III and Jon Scott Shilling were born in 1973 and 1965, respectively, and were adults at the time they executed the loan documents.  O'Brien Aff. ¶ 26.  Furthermore, Robert E. Jones and Jon Scott Shilling signed the Notes in their capacity as members of BSJ, and are believed to be

4

sophisticated business people. O'Brien Aff. ¶ 26; ECF No. 1-2, 1-7. These facts are sufficient to meet the requirement that a confessed judgment be voluntary, knowing, and intelligent. *See, e.g.*, *Atlantic Leasing & Financial, Inc. v. IPM Technology, Inc.*, 885 F.2d 188, 192 (4th Cir. 1989) (finding the defendant voluntarily, knowingly, and intelligently assented to a confessed judgment provision in a guaranty agreement where the defendant's board of directors authorized its officers to enter into the agreement despite lack of review by legal counsel and lack of evidence that the provision was bargained for specifically); *Orlando Residence, Ltd. v. Hilton Head Hotel Investors*, No. 9:89-cv-0662, 2013 WL 1103027, at *7 (D.S.C. Mar. 15, 2013) (finding that the defendant, a sophisticated businessman, knowingly, voluntarily, and intelligently entered into a settlement agreement that contained a confessed judgment provision, where the defendant and his counsel initialed every page of the agreement). The Confessions of Judgment are therefore enforceable against BSJ.

### B. CLEARVIEW RESTAURANT AND CLEARVIEW GOLF AND COUNTRY CLUB

Clearview Restaurant and Clearview Golf and Country Club are entity guarantors of the First and Second Loan Notes. Plaintiff attached an Unconditional Guaranty dated May 4, 2011, a Guarantor Agreement relative to the First and Second Loan Notes, and a Limited Forbearance Agreement dated May 4, 2011 (collectively "the guaranty agreements"). ECF 1-6, 1-2, 1-7, 1-17.

The Unconditional Guaranty contains a Confessed Judgment provision, which authorizes any attorney at law to appear for the guarantors and "CONFESS JUDGMENT AGAINST THE GUARANTORS JOINTLY AND SEVERALLY, OR AGAINST ONE OF THEM, AS OF ANY TIME AFTER ANY OF THE OBLIGATIONS ARE DUE… FOR THE UNPAID BALANCE OF THE OBLIGATIONS DECLARED DUE, TOGETHER WITH INTEREST, COURT

COSTS AND REASONABLE ATTORNEY'S FEES WHICH SHALL BE EQUAL TO FIFTEEN PERCENT (15%) OF THE OBLIGATIONS DECLARED DUE." ECF No. 1-6.

Commerce acquired the guaranty agreements for the First and Second Loan Notes from the Federal Deposit Insurance Corporation, thus it does not have direct knowledge of the circumstances under which Clearview Restaurant and Clearview Golf and Country Club guaranteed the Notes. However, the evidence suggests that Clearview Restaurant and Clearview Golf and Country Club voluntarily, knowingly, and intelligently entered into the Unconditional Guaranty and guaranty agreements. Jeffrey Todd Shilling signed the Unconditional Guaranty on behalf of Clearview Restaurant, and Bruce Steinmiller signed the Unconditional Guaranty on behalf of Clearview Golf and Country Club. Jeffrey Todd Shilling and Bruce Steinmiller were born in 1960 and 1957, respectively, and were adults at the time they executed the Unconditional Guaranty. O'Brien Aff. ¶ 26. They are also believed to be sophisticated business people, as both signed the Unconditional Guaranty in their capacities as managers of their respective business entities. O'Brien Aff. ¶ 26; ECF No. 1-6. The Confession of Judgment is therefore enforceable against Clearview Restaurant and Clearview Golf and Country Club.

### C. JON SCOTT SHILLING, HEATHER R. SHILLING, AND JEFFREY TODD SHILLING

The Shillings are individual guarantors of the First and Second Loan Notes. Plaintiff attached the First Loan Note Guaranties dated November 17, 2006, a Guarantor Agreement relative to the First and Second Loan Notes, Commercial Guaranties relative to the Second Loan Note, and a Limited Forbearance Agreement. ECF No. 1-2, 1-4, 1-5, 1-7, 1-10, 1-11, 1-12, 1-17.

Commerce seeks a Confession of Judgment against the Shillings pursuant to the Second Loan Note only.[2] The Commercial Guaranties were individually executed by Jon Scott Shilling, Heather R. Shilling, and Jeffrey Todd Shilling, and are identical. They contain a confessed judgment provision, which states that, upon default, the guarantor authorizes any attorney to appear for the grantor in any court and, "CONFESS JUDGMENT WITHOUT PRIOR HEARING AGAINST GUARANTOR IN FAVOR OF LENDER FOR, AND IN THE AMOUNT OF, THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THIS GUARANTY, ALL INTEREST ACCRUED AND UNPAID THEREON…COSTS OF SUIT, AND ATTORNEYS' FEES OF FIFTEEN PERCENT (15%) OF THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT…". ECF No. 1-10, 1-11, 1-12. Like with the other loan documents, Commerce acquired the Commercial Guaranties from the Federal Deposit Insurance Corporation, thus it does not have direct knowledge of the circumstances under which the Shillings executed the documents. However, the evidence suggests that the Shillings knowingly, voluntarily, and intelligently entered into the Commercial Guaranties. The Shillings were adults at the time of signing and are believed to be sophisticated business people. Jon Scott Shilling was born in 1965 and as discussed above, also executed the First and Second Loan Notes on behalf of BSJ. O'Brien Aff. ¶ 26. Also, as noted above, Jeffrey Todd Shilling was born in 1960 and executed guaranties for the First and Second Loan Notes on behalf of Clearview Restaurant in his capacity as manager. O'Brien Aff. ¶ 26. Heather R. Shilling was born in 1970. O'Brien Aff. ¶ 26. The Confessed Judgment provisions therefore appear enforceable as to the Shilling defendants.

---

[2] Commerce asserts breach of contract claims against the Shillings for amounts due under the First Loan Note. *See* Am. Compl. ¶¶ 243-75. Those claims remain pending.

### D. BRUCE STEINMILLER AND LINDA STEINMILLER

The Steinmillers are individual guarantors of the Second Loan Note. Plaintiff attached a Guarantor Agreement relative to the Second Loan Note, Commercial Guaranties relative to the Second Loan Note, and a Limited Forbearance Agreement. ECF 1-7, 1-15, 1-16, 1-17.

The Commercial Guaranties, which were individually executed by Bruce and Linda Steinmiller, are identical. They contain the same confession of judgment language as the Commercial Guaranties signed by the Shillings. Commerce again acquired the Commercial Guaranties from the Federal Deposit Insurance Corporation. However, the evidence also suggests that the Steinmillers knowingly, voluntarily, and intelligently entered into the Commercial Guaranties. The Steinmillers were adults at the time of signing and are believed to be sophisticated business people. Bruce Steinmiller was born in 1957, and also signed guaranties for the First and Second Loan Notes on behalf of Clearview Golf and Country Club. O'Brien Aff. ¶ 26. Linda Steinmiller was born in 1959. O'Brien Aff. ¶ 26. The Confessed Judgment provisions therefore appear to be enforceable as to the Steinmillers.

## II. DAMAGES

Having determined that Confessed Judgment is appropriate, I find as follows as to the appropriate amounts.

### A. FIRST LOAN NOTE

Pursuant to the confessed judgment provisions in the First Loan Note and First Loan Note Guaranty Agreements, Commerce seeks $2,906,842.82, representing the amount of principal, interest, and late charges due as of August 6, 2013, plus attorneys' fees amounting to $55,203.36 against BSJ, Clearview Restaurant, and Clearview Golf and Country Club. O'Brien Aff. ¶¶ 11-12, 15. The confessed judgment provisions allow for a sum of attorney's fees amounting to

fifteen percent of the loan obligations due. Here, Commerce seeks significantly less than the confessed judgment provisions allow, thus I find that the fees sought are well within the permitted amount. I recommend that the Court direct the Clerk to enter the confessed judgment against BSJ, Clearview Restaurant, and Clearview Golf and Country Club, jointly and severally, in the amount of $2,906,842.82, plus costs of suit and pre-judgment and post-judgment interest accruing at the rate of $314.21 *per diem* after August 6, 2013, together with $55,203.36 in attorneys' fees.

### B. SECOND LOAN NOTE

Pursuant to the confessed judgment provisions in the Second Loan Note and Second Loan Note Guaranty Agreements, Commerce seeks outstanding damages of $160,899.16 against the Defendants, which reflects the principal and interest amounts owed under the Second Loan Note as of August 6, 2013. O'Brien Aff. ¶¶ 13-14. The confessed judgment provisions allow for a sum of attorneys' fees amounting to fifteen percent of the loan obligations due. Here, Commerce appropriately calculated attorneys' fees in the amount of $24,134.87 by multiplying $160,899.16, by fifteen percent. *See* Am. Compl. ¶¶ 87, 135, 147, 183, 195, 207, 219. I therefore recommend that the Court direct the Clerk to enter the confessed judgment against BSJ, Clearview Restaurant, Clearview Golf and Country Club, Jon Scott Shilling, Heather R. Shilling, Jeffrey Todd Shilling, Bruce Steinmiller, and Linda Steinmiller, jointly and severally, in the amount of $160,899.16, plus pre-judgment and post-judgment interest accruing at the rate of $12.27 *per diem* after August 6, 2013, together with $24,134.87 in attorney's fees.

I further direct the Clerk to ensure that notice of this Report and Recommendations is provided to Defendants as follows, pursuant to Local Rule 108.1.c:

| | |
|---|---|
| BSJ PARTNERS, LLC<br>5650 Country Club Road<br>Cambridge, Maryland 21613 | HEATHER R. SHILLING<br>5706 Mulberry Avenue<br>East New Market, Maryland 21631 |
| CLEARVIEW RESTAURANT, LLC<br>5650 Clearview Key<br>Cambridge, Maryland 21613 | BRUCE STEINMILLER<br>4733 Harrisville Road<br>Woolford, Maryland 21677 |
| CLEARVIEW GOLF AND COUNTRY CLUB, LLC<br>5650 Clearview Key<br>Cambridge, Maryland 21613 | LINDA STEINMILLER<br>4733 Harrisville Road<br>Woolford Maryland, 21677 |
| JEFFREY TODD SHILLING<br>6317 Snug Harbor Road<br>East New Market, Maryland 21631 | JON SCOTT SHILLING<br>5706 Mulberry Avenue<br>East New Market, Maryland 21631 |

The parties have fourteen (14) days to file objections to this Report and Recommendations, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: October 1, 2013                     /s/
                                          Stephanie A. Gallagher
                                          United States Magistrate Judge